IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV513

| | | |
|---|---|---|
| ALLEN D. PEASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CONNECTYOURCARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff is a former employee of the Defendant who claims he was unlawfully terminated. Plaintiff's Complaint alleges as follows: Plaintiff commenced his employment career with Defendant in April 2006 and was continuously employed with Defendant until November 10, 2016. (Doc. No. 1, ¶ 10). Defendant is in the business of managing consumer directed healthcare accounts, such as health savings accounts, flexible spending accounts, health reimbursement arrangements, retirement health benefit account administration, COBRA, and commuter programs. *Id*. at ¶ 3. "While employed with Defendant, Plaintiff was promoted in recognition of his employment contributions during difficult transition periods." *Id*. at ¶ 10. "At the time of Plaintiff's termination, he had achieved the position of Chief Business Development Officer." *Id*. Around the fall of 2016, Plaintiff became the "target of and was subjected to sexual advances and sexual harassment by a co-employee." *Id*. at ¶ 12. During this time, Plaintiff

1

"rejected the sexual advances of Defendant's employee" and "reported the improper conduct of the co-employee." *Id*. at ¶¶ 12, 14. However, Defendant condoned and permitted the coworker's conduct; therefore the sexual harassment did not stop. *Id*. at ¶ 14. In fact, in retaliation to Plaintiff's complaints of improper sexual activities on the part of his coworker, "Defendant responded by committing acts of humiliation as well as permitting the coworker to disseminate vicious and unfounded rumors that the Plaintiff was having an affair with Defendant employee." *Id.* at ¶¶ 14-17. Defendant allowed the coworker to continually harass and make sexual advances to Plaintiff, and engaged in activities to pressure Plaintiff to resign. *Id*. at ¶ 18. "The conduct of the Defendant caused Plaintiff severe and emotional distress, anxiety, panic and fear, and was so severe that it seriously affected his psychological wellbeing and he suffered both psychological and physical injury as a direct and proximate result of Defendant's retaliation." *Id*. at ¶ 13. Ultimately, "on November 10, 2016, Plaintiff was terminated by the Defendant's Chief Executive Officer in response to the Plaintiff's complaints of sexual advances, harassment, and hostile work environment." *Id.* at ¶ 19.

Shortly prior to the Plaintiff being terminated, he requested to take medical leave due to his "permanent disabilities, one being his post-traumatic stress disorder, which was diagnosed shortly after Plaintiff's service in the military." *Id*. at ¶ 21. "Plaintiff had been in the Marine Corps and served at the Beirut International Airport in 1983." *Id*. "On October 23, 1983, terrorists detonated a truck bomb in the marine barracks at the airport, killing 241 American Servicemen and injuring 100." *Id*. "Defendant was fully aware of Plaintiff's disabilities." *Id*.

During the same time that Plaintiff was subjected to sexual advances and sexual harassment, "Plaintiff sought treatment for post-traumatic stress disorder related issues such as depression and other mental impairments and, in the latter part of August 2016, Plaintiff

requested leave to seek treatment." *Id*. at ¶ 22. "Defendant approved the request and as a result, on September 16, 2016, Plaintiff was admitted into Serenity Acres Treatment Center in Crownsville, Maryland." *Id*.

"Plaintiff was discharged from Serenity Acres on October 17, 2016, whereupon he immediately notified Defendant that he was successfully discharged with a clean bill of health." *Id*. at ¶ 23. "Upon his return to work, Defendant immediately treated Plaintiff differently than he had been treated previously and he was not permitted to engage in his ordinary work activities as he had done previously." *Id*. "In fact, Plaintiff was being excluded from meetings and correspondence relating to his job duties thereby altering his employment position." *Id.* In response to his family medical leave request and corresponding medical treatment, Plaintiff was terminated just three weeks after his return to work. *Id*. at ¶ 24.

During his employment with Defendant, Plaintiff was able to perform the essential functions of his position, was promoted to Chief Business Development Officer, and was a qualified individual with a disability. *Id*. at ¶¶ 10, 27. "Defendant failed and refused to accommodate Plaintiff's permanent disability and refused to engage in any interactive process to accommodate Plaintiff's disability even though the Plaintiff continuously communicated with the Defendant with respect to his need for accommodation." *Id*. at ¶ 28. Defendant "discriminated and retaliated against Plaintiff when Defendant failed to provide reasonable accommodations for Plaintiff's known disabilities." *Id*. at ¶ 29.

"At the time of Plaintiff's employment termination, Plaintiff was entitled to payment of earned and accrued vacation time of 210 hours as well as reimbursable travel expenses." *Id*. at ¶ 33. "Plaintiff requested that he be paid for his earned and accrued vacation and the travel expenses but Defendant failed and refused to make payment to Plaintiff." *Id*. at ¶ 34.

After his termination, Plaintiff filed a Charge of Discrimination with the EEOC, received a Right to Sue letter, and timely filed this action. *Id*. at ¶ 9. The Complaint alleges claims pursuant to Title VII, the American with Disabilities Act ("ADA"), Family Medical Leave Act ("FMLA") and nonpayment of accrued vacation and reimbursable travel expenses. Defendant has moved to dismiss Plaintiff's Complaint, arguing that it relies on conclusory allegations that fail to plausibly give rise to an entitlement to relief under Title VII, the ADA, FMLA, or failure to pay wages.

**DISCUSSION**

Under Federal Rules of Civil Procedure Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A complaint need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.*, 626 F.3d 187, 190 (4th Cir. 2010). A "complaint will not be dismissed as long as he provides sufficient detail about his claim to show that he has a more-than-conceivable chance of success on the merits." *Owen v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014). The recitation of facts need not be particularly detailed, and the chance of success need not be particularly high." *Id.* at 403. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In reviewing a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.2d 1130, 1134 (4th Cir. 1993). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In this regard, while a plaintiff is not required to plead facts that

constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level. *Coleman*, 626 F.3d at 190. (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

After a careful review of the Complaint, the Court concludes that it meets these minimal standards. While the Complaint may be lacking in great detail, it does give Defendant fair notice of the claims and the grounds upon which they rest. The allegations are sufficient to establish a more-than-conceivable chance of success on the merits of Plaintiff's claims.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is DENIED.

Signed: March 5, 2019

Graham C. Mullen
United States District Judge